# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 18-428-JFW(MARx)** | Date: February 21, 2025 |

Title: Sub-Zero, Inc., et al. -v- Henry Wasserman

---

**PRESENT:**
      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANT IN CONTEMPT OF FEBRUARY 1, 2019, ORDER AND CONSENT JUDGMENT AND FOR SANCTIONS [filed 1/28/2025; Docket No. 55]

     On January 28, 2025, Plaintiffs Sub-Zero, Inc. and Wolf Appliances, Inc. (collectively, "Plaintiffs") filed a Motion to Hold Defendant in Contempt of February 1, 2019, Order and Consent Judgment and for Sanctions ("Motion").  On February 10, 2025, Defendant Henry Wasserman ("Defendant") filed his Opposition.  On February 14, 2025, Plaintiffs filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for March 3, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     "To establish a prima facie case for civil contempt, the moving party must show, by clear and convincing evidence, that the non-moving party disobeyed a specific and definite court order, and that such disobedience was (1) beyond substantial compliance, and (2) not based on a good faith and reasonable interpretation of the court's order." *Patagonia, Inc. v. The 18A Chronicles LLC*, 2023 WL 3963787, at *3 (C.D. Cal. May 22, 2023) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). "Once the Court finds a prima facie case of civil contempt, the burden shifts to the alleged contemnor to demonstrate an inability to comply. To do so, the accused party must demonstrate that it took all reasonable steps to comply but was unable. When determining whether the non-moving party has met its burden, the Court may consider evidence, including the party's history of non-compliance." *Id.* (citations omitted).

     "Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994).  Thus, civil contempt "may be imposed in an ordinary

civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Id.* at 827; *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999). While the court generally should not impose civil contempt sanctions based solely upon the affidavits, due process does not require a full-blown evidentiary hearing where "the affidavits offered in support of a finding of contempt are uncontroverted." *Ayres*, 166 F.3d at 995 (quoting *Peterson v. Highland Music Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998)).  Thus, where the issue of contempt is uncontroverted, procedures that afford the contemnor notice and an opportunity to be heard are sufficient to satisfy due process.  *Id.* 166 F.3d at 996.

In this case, although Defendant attempts to manufacture controverted facts through his self-serving declaration, Plaintiffs have presented overwhelming documentary evidence demonstrating the uncontroverted facts that Defendant has violated the Court's February 1, 2019 Order and Consent Judgment ("2019 Order").  For *example*:

(1) With respect to the <subzerorepairservice.us> domain name, Plaintiffs have established that: (a) on December 8, 2010, Defendant registered the <subzerorepairservice.us> domain name; (b) Defendant remained the registrant of that domain name for 14 years; and (c) between December 4 and December 7, 2024, Defendant renewed the registration of that domain name for another year (until December 7, 2025), and then, on December 13, 2024, Defendant transferred that domain name to Oleksandr Kliuiev ("Oleksandr") or updated the registrant information to list Oleksandr as the registrant.  *See* Memorandum (Docket No. 65) at 5-8; Tsao Decl. (Docket No. 56) ¶ 2, Ex. A; ¶ 5, Ex. D; ¶ 6, Ex. E. Defendant does not dispute any of these facts but merely states that he does not currently or own or control the <subzerorepairservice.us> domain name.  Wasserman Decl. (Docket No. 68-1) ¶ 18)

(2) With respect to the <box-appliance.com> domain name, Plaintiffs have established that Defendant registered the <box-appliance.com> domain name on August 16, 2020,[1] five days after Defendant filed his Amended Report under oath in this action (Docket No. 33) certifying his compliance with the Court's 2019 Order.  *See* Memorandum (Docket No. 65) at 13; Juarez Decl. (Docket No. 57). ¶¶ 4-8, Exs. A, B, C.  Defendant chose this domain name to impersonate Sub-Zero's Factory Certified Service provider, Box Appliance and its <boxappliance.com> domain name.  By doing so, Defendant violated the 2019 Order by "[e]ngaging in an[] act likely to . . . deceive others into believing that . . . any business associated with the domain names for which Wasserman is a registrant are . . . associated with . . . or approved by, Sub-Zero." 2019 Order at 10. Defendant's <box-appliance.com> website also violated the 2019 Order by using the SUB-ZERO word mark in the company name on the website. Juarez Dec. ¶ 7, Ex. B. Defendant does not dispute that he registered the <box-appliance.com> domain name and does not dispute that he owns or controls this domain name.

(3) With respect to the <realboxappliance.mx>, Plaintiffs have established that

---

[1] Notably, when registering this domain name, Defendant identified support@henryslist.com as his email address.

Defendant obtained a license from the California Bureau of Household Goods and Services ("BHGS") to do business at "*Real* Box Appliance" on April 19, 2023.  Tsao Decl. (Docket No. 56) ¶ 35, Ex. GG.  Then, on May 31, 2023, Daniil Kliuiev (who has repeatedly used Defendant's long-standing email address, <support@henryslist.com>) registered the <realboxappliance.mx> domain name. *Id.* at ¶ 36, HH.   The <realboxappliance.mx> website lists Defendant's home address (5727 Etiwanda Ave. #5, Tarzana, CA 91356) as the company's address.  *Id.* ¶ 37, Ex. II.  The <realboxappliance.mx> domain name directs the user to a website that violates the 2019 Order, including by impersonating Sub-Zero's Factory Certified Service provider, Box Appliance, and identifying the company as "Box Appliance Subzero Repair". *Id.* at Ex. II p. 297.  Defendant does not dispute these facts.

Accordingly, based on the uncontroverted facts, the Court finds that an evidentiary hearing is not necessary and, for the reasons stated in Plaintiffs' moving and reply papers, that Plaintiffs have established by clear and convincing evidence that Defendant disobeyed the 2019 Order, and that such disobedience was (1) beyond substantial compliance, and (2) not based on a good faith and reasonable interpretation of the Court's 2019 Order.

Plaintiffs' Motion is **GRANTED**.  The Court signs, as modified, Plaintiffs' Proposed Statement of Decision lodged with the Court on February 19, 2025 (Docket No. 73-1).


IT IS SO ORDERED.